N. Y. 663, as construed in Sebald v. Mulholland, 155 N. Y. 462, 50 N. E. 260. Assuming, however, that the land owned by the defendant was subject to the covenants contained in this agreement, and that upon accepting its benefits the land thereby became subject to the obligation to pay the amount provided for by the contract, can the plaintiff, as the grantee of the land of the party of the first part, enforce the obligation to pay for the use of the party wall? Under the contract the party of the first part built the wall, and became entitled to receive from the party of the second part the sum agreed upon when the party of the second part or his assigns erected a building upon the premises which made use of the party wall. There is no allegation in the complaint that that right has been assigned to the plaintiff. He acquires his right solely as the grantee of the property owned by the party to the agreement who erected the party wall. Whatever may be said to be the effect of the covenants as to the use of the party wall by the party of the second part to the agreement or his assigns, the right to receive payment was a right personal to the party of the first part. This question was presented in the case of Cole v. Hughes, 54 N. Y. 444, 13 Am. Rep. 611. That action was brought to recover the value of a party wall under an agreement whereby Vorhees agreed that Dean might erect the wall for their common benefit, and that whenever he, his heirs or assigns, should use the same, he or they would pay him, his heirs or assigns, for such part of the wall as should thus be used. Judge Earl there says:

"The first question to be determined is whether the right to compensation is in the plaintiff or in the owner of the lot. It is claimed that it passed to the grantee of the lot, on the ground that the covenant to pay run with the land. To this I cannot assent. When Dean conveyed, he conveyed all his interest in the lot, and, as appurtenant thereto, in the party wall. For this interest the grantee paid, and he got all he paid for. There can be no reason in equity why he should also receive payment for some portion of the cost of building the party wall. Vorhees covenanted, in a certain event, to pay this to Dean. It was a chose in action which was due or might be due him. It was in no way attached to the Dean lot. The money to be paid was not for anything done upon the Dean lot, but for something which had been done upon the Vorhees lot, and it no more passed to his grantee than it would if he had built a house upon the Vorhees lot, using the party wall, and Vorhees had agreed to pay him whenever he or his heirs or assigns should use or occupy it. The covenant to pay was in no sense for the benefit of the Dean lot, but solely for the benefit of Dean, and therefore did not pass to the grantee of the lot."

This conclusion was affirmed in Sebald v. Mulholland, 155 N. Y. 455, 50 N. E. 260.

It follows that the judgment appealed from must be affirmed, with costs. All concur.

---

(90 App. Div. 186.)

WILLIAMSON v. WAGER.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. PLEADING—CONCLUSIONS OF LAW—DEMURRER.

    A complaint to enjoin defendant, as president of a corporation, from excluding plaintiff from his privileges as a member, alleged that each member was possessed of title in common of its property, and was the owner of the opportunity and business growing out of his membership. It further al-

leged that the object of the association was to furnish facilities for the purchase of stocks and other securities; that a certain building company was a part of defendant association for the purpose of holding title to its property in which the members of the association met; that the privilege was of great value; that the association owned a large interest or gratuity fund to which plaintiff had contributed largely; and that membership carried with it a valuable reputation. *Held* that, while the averment as to plaintiff's title was a conclusion of law, the complaint averred sufficient facts to entitle plaintiff to give evidence as to his cause of action, and was therefore not demurrable.

Appeal from Special Term, New York County.

Bill by Harry L. Williamson against Mortimer H. Wager, as president of the Consolidated Stock & Petroleum Exchange of New York. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

The following is the opinion of the court below (Clarke, J.):

This is a suit for an injunction and for damages brought by the plaintiff, as a member, against the defendant, as the president, of the Consolidated Stock & Petroleum Exchange of New York. The defendant has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The particular defect which the defendant points out is that the plaintiff fails to show the existence of rights in himself which he claims have been violated by the defendant; that the only allegations of rights existing in the plaintiff are mere conclusions of law. I am of opinion that this criticism, as to some of the allegations of the complaint, is well founded. The averments that "each of the members of said association is possessed, in virtue of said membership, of the title in common in and to the said real and personal property, and is the owner and holder, also, of the privilege and opportunity and business, not only in common with other members of the association, but also particular and exclusive to himself and growing out of his membership," and that "such property is owned and possessed and enjoyed by him in and through his said membership," are conclusions of law. Upon a demurrer to a complaint which alleged "that by reason of the aforesaid facts the plaintiff alleges, upon information and belief, that the above-named defendants were, at the times hereinafter named, copartners, doing and carrying on the business of banking under the name and style of the 'Home Savings Bank,' as aforesaid." Judge Martin said: "It will be observed that it is not an allegation that the defendants were copartners, * * * but an allegation that by reason of the aforesaid facts the plaintiff alleges, etc. Thus we see that it is an allegation of a conclusion based upon the facts already alleged, and not the allegation of an independent fact." Merchants' Nat. Bank v. Pendleton (Sup.) 9 N. Y. Supp. 46. Judge Earl, in Sheridan v. Jackson, 72 N. Y. 170, at page 173, says: "The allegation that he [the plaintiff] was entitled to the possession of the land and to the rents and profits is a mere allegation of a conclusion of law. The facts should have been alleged from which such a conclusion of law could have been drawn." So, also, in other jurisdictions, an allegation that plaintiff is entitled, without alleging the facts from which his title may be seen, has been held to be a conclusion of law. Garner v. McCullough, 48 Mo. 318; Brown v. Phillips, 71 Wis. 239, 36 N. W. 242. Where general statements are qualified by additional averments, they must be read with the qualifying phrase. This is true even when the allegation without the qualifying phrase would be a sufficient allegation of fact, whereas with the qualification it necessarily becomes a mere conclusion of the pleader. Page v. Boyd, 11 How. Prac. 415; Turner v. White, 73 Cal. 299, 14 Pac. 794. But pleadings containing conclusions of law may nevertheless be sustained where there are elements of fact, mixed with the legal inference, from which the character of the contract or transaction upon which the action is based and the nature of the liability may be seen. Bliss on Code Pleading, § 213.

The question therefore presented is whether the complaint contains a statement of facts which, by substantive law, entitle the plaintiff to the aid of the

court in his behalf against the defendant. Phillip's Code Pleading, § 323; Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 542; Bristol v. R. & S. R. R., 9 Barb. 158. The mere fact of membership in a voluntary association does not of itself give that member rights of which the court may take judicial notice. That a person acquires by his admission to membership only such rights as the constitution and by-laws of the association give him was established by Belton. v. Hatch, 109 N. Y. 597, 17 N. E. 225, 4 Am. St. Rep. 495. Under the rule that pleadings are not to be construed on demurrer strictly against the pleader, the facts stated in the complaint, as well as such as may by reasonable and fair intendment be implied from the allegations made, must be assumed to be true. Wenk v. City of N. Y., 171 N. Y., 607, 64 N. E. 509; Coatsworth v. Lehigh Valley R. R., 156 N. Y. 451, 51 N. E. 301; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263; Millikin v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281. The averments would be sufficient if, under them, the plaintiff would be entitled to give the necessary evidence to establish his cause of action. Rochester Ry. v. Robinson, 133 N. Y. 242, 246, 30 N. E. 1008; Berney v. Drexel, 33 Hun, 34, 37. The statement of the averments may be argumentative, and the pleading deficient in technical language. Sanders v. Soutter, 126 N. Y. 195, 27 N. E. 263; Millikin v. Western Union Tel. Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281. Looking at the complaint with these rules in mind, it will be seen that the defendant admits that the Consolidated Stock & Petroleum Exchange of New York is a voluntary association of 1,546 members, of which the defendant, Wager, is the president; that the purpose and object of the association is to furnish facilities for the purchase and sale of petroleum, stocks, bonds, and other securities, agricultural and commercial products, ore, metals, and other minerals; that the exchange performs the public function of establishing and announcing to the world constantly the values of various securities and properties; that there exists a New York corporation known as the Consolidated Stock & Petroleum Exchange Building Company, all the stockholders of which are members of the exchange, and only such members are interested in the building company; that the building company is a part of the defendant association, composed within the association, for the purpose of holding for the association the title of various real and personal property, situate within the county of New York, of the value of $500,000 and upwards, and in which the members of the association have for many years met and congregated and do now meet and congregate for the transaction of business; that said privilege is of great value to the individual members of the said association, and has a large established market value; that the association is possessed of and is the owner of a certain gratuity or interest fund of upwards of $400,000, to which plaintiff has largely contributed; that membership in the association carries with it, throughout the world, a valuable reputation, and establishes the good name and fame of the member; that plaintiff has been since the year 1892, and now is, a member of the exchange, in the active enjoyment of all the rights and privileges and property incident to such membership, which constitutes plaintiff's business; that on or about the 5th day of October, 1900, the defendant association, its officers, members, servants, and agents, prevented and now prevent this plaintiff in participating in the rights and privileges of membership in the association, and have refused and continue to refuse to allow him to go upon the floor of the exchange or to transact any business as a member, by reason of which he has suffered damage in the sum of $50,000. Wherefore the plaintiff prays for judgment that he was and now is a member of the association in full and good standing; that the defendant be restrained from preventing his going freely upon the floor of the exchange and transacting business there, and from interfering with the exercise and enjoyment of all the rights and privileges of membership, and for damages.

It will be observed that there is no specific mention in this complaint of the constitution, by-laws, or articles of association, or other agreement, by virtue of which the plaintiff has acquired his rights, but I am of the opinion that the description of the purposes and object of the association and the maintenance of the building in which it conducts its business, and the relations of the members of the association, are a sufficient averment of the effect of the constitution under which the association does business. It is a well-established rule that facts may be stated according to their legal effect (Rochester Ry. v. Robin-

son, 133 N. Y. 246, 30 N. E. 1008; Brown v. Champlin, 66 N. Y. 214; Thayer v. Gile, 42 Hun, 268); and, where the fact to be stated is the result of other facts, the resultant facts, not those furnishing evidence thereof, should be stated (Gleitsmann v. Gleitsmann, 60 App. Div. 371, 70 N. Y. Supp. 1007; Badeau v. Niles, 9 Abb. N. C. 48; Prickhard v. Robertson, 4 Civ. Proc. R. 112). The constitution of the association or other agreement may well be evidence of the facts alleged. As the character of the association, in which the plaintiff for many years has been a member, is set forth, it is a fair and reasonable intendment to be drawn from the complaint that he has the right to participate in the affairs of the association and go upon the floor of the exchange, which are the rights alleged to have been violated by the defendant. Young v. Eames, 78 App. Div. 229, 79 N. Y. Supp. 1068, was evidently followed by the pleader when this complaint was framed, although the sufficiency of such a complaint was not directly tested in that case. The form of complaint is evidently chosen for the same purpose of intending to place upon the defendant the burden of sustaining the validity of the action of the association in preventing the plaintiff from going upon the floor of the exchange and exercising the rights of membership. I am unable to discover any reason for holding that this may not be done, as the justification for the action of the association may very properly be set up in the answer by way of confession and avoidance. Baxter v. McDonnell, 155 N. Y. 83, 49 N. E. 667, 40 L. R. A. 670, Haight, J., at page 100, 155 N. Y., page 671, 49 N. E., 40 L. R. A. 670. Demurrer overruled, with the privilege to answer within 20 days upon payment of costs.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

F. D. Pollak, for appellant.
E. L. Winthrop, Jr., for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, upon the opinion in the court below, with leave to defendant to withdraw demurrer, and to answer upon payment of costs in this court and in the court below.

---

(91 App. Div. 286.)

PEOPLE ex rel. CROKER v. STURGIS, Fire Com'r.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. CIVIL  SERVICE—REMOVAL  FROM  OFFICE—CHARGES—EVIDENCE—SUFFICIENCY—FIRE DEPARTMENT.
    Evidence in proceedings against relator, as chief of the fire department, before the fire commissioner, examined, and *held* insufficient to sustain the findings of the commissioner that relator was guilty of charges brought with a view to his removal from office.

2. SAME—HEARING—PREJUDICE OF COMMISSIONER.
    Bias or prejudice on the part of the fire commissioner did not deprive him of power to hear and determine charges against the chief of the fire department, instituted for the purpose of removing him from office.

3. SAME—REFUSAL TO TAKE VACATION.
    The chief of the fire department was not guilty of conduct unbecoming an officer in returning from his unexpired leave of absence and resuming command, as vacation is a personal privilege, that may be waived.

4. SAME—ERROR IN JUDGMENT—REMOVAL.
    An error in judgment by the chief of the fire department in conducting operations at a fire would not be ground for removal.

5. SAME—FIRE DEPARTMENT PROPERTY—CONVERSION BY CHIEF OF DEPARTMENT.
    Under the provision of the charter of New York City giving the fire commissioner charge of the property of that department, the chief of the fire